IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANA Y. COWARD, | ) | |
| | ) | 2:11-cv-03378-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and DOES 1-20, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Defendant seeks dismissal of Plaintiff's Second Amended Complaint ("SAC"), arguing "Plaintiff failed to disclose any of her claims here as assets in her bankruptcy petition, and she thereby lacks standing." (Def.'s Mot. 16:3-4.) Further, Defendant argues, "[e]ven if the Court holds the new averments sufficient to excuse [P]laintiff from her failure to schedule the claims as property of the bankruptcy estate, her substantive allegations remain unchanged and fail to state claims for relief as a matter of law." Id. 1:10-12.

      Plaintiff opposes part of the motion, conceding she does not have standing to bring her second, third, fourth, fifth, sixth, and eighth claims. (Pl.'s Opp'n 3:22-26.) Therefore, these claims are dismissed. However, Plaintiff contends she "has standing to pursue both the first and seventh [claims], and both claims are . . . sufficiently pled." Id. 4:11-13.

///

## I. LEGAL STANDARD

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. DISCUSSION

### A. Fraud Claim

Defendant seeks dismissal of Plaintiff's fraud claim, arguing, *inter alia*, Plaintiff lacks standing. Plaintiff rejoins, contending she has standing to bring this claim since she "had no reason to suspect the factual basis of the elements of the [fraud claim prior to her bankruptcy filing.]" (Pl.'s Opp'n 3:24-26.)

"[D]ebtor standing is ordinarily prudential . . . ." Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co., 219 F.3d 895, 901

2

n.3 (9th Cir. 2000) (citing <u>Sierra Switchboard Co. v. Westinghouse Elec. Corp.</u>, 789 F.2d 705, 708 n.1 (9th Cir. 1986)). "[T]he prudential doctrine of standing has come to encompass several judicially self-imposed limits on the exercise of federal jurisdiction. Principles of prudential standing are not ordained by the Constitution, but constitute rather rules of practice, albeit weighty ones." <u>Id.</u> at 899 (internal quotation marks and citations omitted). Therefore, "prudential standing [is] not a requirement of jurisdiction." <u>Hilton v. Hallmark Cards</u>, 599 F.3d 894, 904 n.6 (9th Cir. 2010).

"For [Plaintiff] to have standing, [she], rather than the bankruptcy estate, must own the claim upon which [she] is suing." <u>Cusano v. Klein</u>, 264 F.3d 936, 945 (9th Cir. 2001). "An 'estate' is created when a bankruptcy petition is filed. Property of a bankruptcy estate includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.' . . . [A]ssets of the estate properly included any of [a debtor's] causes of action." <u>Id.</u> (internal citations omitted); <u>see also</u> <u>Engram v. Manera</u>, 348 F. App'x 305, 306 (9th Cir. 2009) (applying this principle to Chapter 7 bankruptcy proceedings). Further, "[c]auses of action are separate assets which must be formally listed. Simply listing the underlying asset out of which the cause of action arises is not sufficient." <u>Cusano</u>, 264 F.3d at 947 (internal citations omitted).

"The bankruptcy code place[s] an affirmative duty on [a debtor] to schedule his assets and liabilities. If he failed to properly schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor]." <u>Id.</u> at 945-46 (internal citations omitted). Once causes of action belong to the bankruptcy estate, "[t]he plaintiff-debtor has no standing to

3

bring [them] unless he can show that the claims were (1) exempt from the bankruptcy estate or (2) abandoned by the bankruptcy trustee. If neither apply, the claims belong to the bankruptcy estate and in turn must be asserted by the bankruptcy trustee rather than the debtor." Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1453 (D. Haw. 1996); see also Fresno Rock Taco LLC v. Rodriquez, No. 1:11-cv-00622, 2011 WL 5240444, at *3 (E.D. Cal. Nov. 1, 2011) ("To prove [the bankruptcy estate does not own Plaintiffs' claims], Plaintiffs must show that the cause of action is either exempt from the bankruptcy proceedings, or was abandoned by the Trustee.").

A cause of action is exempt from the proceedings if it accrues after a debtor files for bankruptcy since "generally, a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy." Cusano, 264 F.3d at 947 (internal citations omitted); see also In re Adair, 253 B.R. 85, 90 (9th Cir. 2000) ("The Bankruptcy Code and Rules require that a debtor supplement the information in his or her schedules only in limited circumstances."). Plaintiff and her husband filed a Chapter 7 bankruptcy petition on December 17, 2009; the claims alleged against Defendant in this action were not included in the schedules of assets. (Def.'s Req. for Judicial Notice Ex. B.)[1]

---

[1] Defendant filed a Request for Judicial Notice. (ECF No. 26.) "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Since Plaintiff's Chapter 7 bankruptcy petition is capable of accurate and ready determination, it is judicially noticed. See Johnson v. Bank
(continued...)

"To determine when a cause of action accrues, we look to state law." Cusano, 264 F.3d at 947 (internal citations omitted). Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). A fraud claim "is not deemed to have accrued until the discovery, by the aggrieved party, of facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d).

Defendant's contention that Plaintiff lacks standing is based on the argument that the loan documents at issue were provided to Plaintiff during the bankruptcy proceedings:

> [P]laintiff has no good faith basis for asserting the truth of her new averment that her husband's signature was not forged until at least six months after her December 17, 2009 bankruptcy filing. Indeed, as Chase established in its original motion to dismiss, [P]laintiff at the very latest had actual or constructive knowledge of the alleged forgery at the outset of her bankruptcy proceedings. The loan documents in question were exhibits to Chase's motion for relief from the automatic stay. The note and deed of trust Chase submitted to the bankruptcy court on January 6, 2010, had both plaintiff's *and her husband's* signatures, duly notarized at the time of origination of the loan in 2005. . . . Thus, to the extent [P]laintiff claims she lacked knowledge of her claims until she saw the note and deed of trust with her husband's signature allegedly forged, that information was open and at issue in the bankruptcy proceedings.

(Def.'s Mot. 5:27-6:9 (internal quotation marks and citations omitted).)

---

[1](...continued)
United, No. 2:10-cv-02567, 2011 WL 4829404, at *1 (E.D. Cal. Oct. 11, 2011) (taking judicial notice of a plaintiff's Chapter 13 bankruptcy petition).

5

However, even assuming Plaintiff had discovered the forgery on January 6, 2010, this argument fails since Plaintiff only had a duty to disclose claims that accrued prior to December 17, 2009, the date of the filing.

Although Defendant's argument concerning standing fails, "[a] plaintiff has the burden of establishing the elements required for standing[.]" Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "'[F]or purposes of ruling on a motion to dismiss for want of standing, . . . the trial . . . court[] must accept as true all material allegations of the complaint, and must construe the complaint in the favor of the complaining party.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). Plaintiff alleges the following facts in support of her fraud claim:

> At the time the loan was executed, and at all relevant times thereafter, LBMC, WAMU and CHASE representatives knowingly misrepresented to Plaintiff that her husband's signature was not required on the loan documentation, because these parties knew that Mr. Coward was out of the country and unavailable to sign the loan documents, and that the mortgage was void without his signature.
>
> Then, in the summer of 2010 during the foreclosure process, Plaintiff was presented with documents that had been forged to include her husband's signature. Plaintiff hereby alleges that the forgery of the documents took place sometime in 2010 as Defendants prepared to foreclose on Plaintiff. Plaintiff alleges that Defendant's representatives forged the loan documents, thus committing fraud, to prevent the loan documents underlying the foreclosure to be invalidated. This act, occurring in the summer of 2010, could not be discovered by Plaintiff until it occurred.
>
> Defendants continued to perpetrate this fraud up through the foreclosure process and Plaintiff further alleges that CHASE representatives were involved in the forgery of Mr. Coward's signature after the fact. At this time, Plaintiff is unable to determine what exact person at CHASE, or what person acting as an agent for CHASE, actually forged Mr. Coward's signature on the loan documents.

> Plaintiff would not have entered in to the mortgage if she knew she was being coerced in to signing and that her husband's execution of the contract was required for the loan documents to be valid.
>
> Plaintiff reasonably relied on this misrepresentation because she had no reason to believe that the statement was false, and the statement was made by reputable lenders in the banking industry.
>
> Plaintiff has been damaged by the misrepresentation and forgery by CHASE and its agents, as she has been paying on a loan that was invalid with terms that would not have been offered, without Mr. Coward's guarantee and income. Plaintiff has been damaged by being placed in a loan that she was unqualified for. Damages in the amount to proven at trial.

(SAC ¶¶ 19-24.) Since Plaintiff alleges the forgery and her discovery of it occurred after she filed the bankruptcy petition, Plaintiff's allegations concerning her fraud claim are sufficient to establish standing.

Further, Defendant argues the fraud claim "does not satisfy the general pleading standard, let alone Rule 9(b). The claim is entirely conclusory and fails to plead the elements of fraud." (Def.'s Mot. 11:20-21.) Plaintiff rejoins that the fraud claim "is sufficiently pled. The who is Chase and Chase representatives, the when is during the foreclosure process of 2010, and the what is the forgery of loan documents to be used in the foreclosure proceeding." (Pl.'s Opp'n 5:5-9.) Defendant also makes arguments in its motion concerning a fraud in the inducement claim. Since Plaintiff does not allege this claim in her SAC, these arguments will not be addressed.

Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in all civil cases. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff's allegations, as stated above, provide the specificity required by Rule 9(b) since they demonstrate sufficient detail concerning the time, date, and place of the alleged misrepresentations. Therefore, Defendant's motion to dismiss Plaintiff's fraud claim is DENIED.

**B.   Servicemembers Civil Relief Act ("SCRA") Claim**

Defendant seeks dismissal of Plaintiff's SCRA claim, arguing, *inter alia*, Plaintiff "does not qualify for relief under the [SCRA]." (Def.'s Mot. 17:6-7.) Plaintiff rejoins that "Defendant is required to evaluate borrowers for SCRA assistance." (Pl.'s Opp'n 5:21-22.) Specifically, Plaintiff argues that although she "repeatedly requested such an evaluation, Defendant never evaluated her husband's status in the military, never concluded that plaintiff did or didn't qualify for SCRA assistance, and then it foreclosed on Plaintiff's home." Id. 5:22-24.

Plaintiff's SCRA claim comprises the following allegations:

> During the foreclosure process that occurred in the summer of 2010, Plaintiff repeatedly informed Defendant CHASE that her husband was, and is, a military contractor working for the United States military and the Iraqi government to rebuild Iraq. Plaintiff has also repeatedly informed CHASE that her husband, and therefore her, qualify for assistance under the SCRA.
>
> CHASE violated the SCRA by refusing to acknowledge this information, by refusing to evaluate her husband's status under SCRA, and by refusing to offer assistance to Plaintiff and her husband regarding their delinquent mortgage and resulting

8

>foreclosure.
>
>Plaintiff was damaged by Defendants violation of the SCRA when her home was foreclosed in August of 2010. Prior to the foreclosure Defendant's representatives had assured Plaintiff that her husband's status and the family's eligibility would be evaluated. When Defendant foreclosed on Plaintiff's property, it had never properly evaluated Plaintiff's right to assistance under SCRA.
>
>Plaintiff has been damaged by CHASE's failure to follow SCRA guidelines by having her home foreclosed, by having her credit ruined, by increased costs relating to securing a new residence, and additional costs related to fighting foreclosure and eviction, among other damages. Plaintiff has suffered economic loss in an amount to be determined at trial.

(Compl. ¶¶ 53-56.)

Plaintiff also alleges that she entered into the loan during the period of her husband's military service: "At the time the loan documents were signed, Mr. Coward was overseas in the military and unavailable." (Compl. ¶ 8.) However, "the SCRA only applies to contracts entered into before military service." Whigham v. Chase Auto Fin. Corp, 826 F. Supp. 2d 914 (E.D. Va. 2011); see also 50 U.S.C. § 533 (a) ("This section applies only to an obligation on real or personal property owned by a servicemember that . . . originated before the period of the servicemember's military service and for which the servicemember is still obligated . . . .").

Further, Plaintiff's SCRA claim includes a conclusory allegation that Defendant has a duty to evaluate her husband's status under SCRA. (Compl. ¶ 54.) However, the SCRA provision concerning mortgages does not include such a duty, and Plaintiff fails to identify any provision under which Defendant has such a duty. Therefore, Defendant's motion to dismiss Plaintiff's SCRA claim is GRANTED.

**IV. CONCLUSION**

For the stated reasons, Defendant's motion to dismiss is granted in part and denied in part.

Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a Third Amended Complaint addressing the deficiencies in her SCRA claim. Plaintiff is warned that a dismissal with prejudice of this claim could be entered under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:  June 14, 2012

GARLAND E. BURRELL, JR.
United States District Judge

10