IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DANA Y. COWARD,                    )
                                   )   2:11-cv-03378-GEB-DAD
          Plaintiff,               )
                                   )
     v.                            )   ORDER TO SHOW CAUSE AND
                                   )   CONTINUING STATUS (PRETRIAL
JP MORGAN CHASE BANK, NATIONAL     )   SCHEDULING) CONFERENCE
ASSOCIATION, and DOES 1-20,        )
                                   )
          Defendants.              )
_____   )
```

The March 1, 2012 Minute Order (ECF No. 17) scheduled a status conference in this case on June 25, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

Therefore, Plaintiff and Defendant are Ordered to Show Cause ("OSC") in a writing to be filed no later than June 25, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of
(continued...)

1

9, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  June 19, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).