Hal E. Wright, SBN 157814
216 F Street, Ste116
Davis, California, 95616
(530) 616-8529
(530) 231-2861 (fax)
halwrightlaw@gmail.com
Attorney for Plaintiff, Dana Y. Coward

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA Y. COWARD, | Case No. 2:11-cv-03378-GEB |
| Plaintiff, | **PLAINTIFF DANA COWARD'S MOTION FOR LEAVE TO AMEND HER COMPLAINT** |
| v. | Date:  April 25, 2013 |
| J.P. MORGAN CHASE | Time:  10:00 a.m. |
| Defendant. | Place: Courtroom 1, 13th Floor |
| | Judge: Honorable Garland E. Burrell, Jr. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on April 26, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of this Court located at 501 I Street, Sacramento, California, plaintiff Dana Coward will move the Court, pursuant to Federal Rule of Civil Procedure 15( c), for leave to amend her complaint on the grounds that the amendment will assert a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.  In addition, plaintiff is seeking to change or add a party.

This motion is based on this Notice of Motion, the accompanying Memorandum, all other papers and pleadings on file in this action, and such matters and arguments as may be presented at the hearing on the motion.

## MEMORANDUM IN SUPPORT OF MOTION

This claim arose out of a mortgage between a subsidiary of Washington Mutual and plaintiff in October 2005. WaMu was, apparently, thereafter taken over by the FDIC acting as receiver. In September 2008, Chase entered into a P & A agreement to acquire WaMu. It is true that plaintiff's claims in this matter are all against Chase.[1] We concede that for much of what has occurred, plaintiff should have file a claim under FIRREA.

One of the salient issues here is that plaintiff contends she never received the required notice from the FDIC that WaMu was in receivership.

The claims against the FDIC arise out of the many of the same transactions and occurrences which plaintiff <u>attempted</u> to set out.

### I.   LEGAL STANDARD

Plaintiff has amended three times and must, therefore, obtain leave of this court to further amend (Fed. Rule Civil Proc. 15). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. Rule Civil Proc. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring amendments is applied with extreme liberality (*Waldrip v. Hall*, 548 F.3d 729, 732)(9th Cir. 2008)

There are four factors to be considered, generally, in determining whether to grant leave: 1) bad faith; 2) undue delay; 3) prejudice to opposing party and 4) futility of amendment (*In Re Korean Airlines Co., Ltd,* 642 F.3d 685 at 701)(9th Cir. 2011)

Prejudice to the opposing party carries the greatest weight and absent prejudice or a strong showing of any of the other factors, there exists a presumption in favor of granting leave to amend (*Eminence Capital, LLC*, 316 F. 3d 1048 at 1052)(9th Cir., 2003).

### A.   BAD FAITH

Plaintiff has not acted in bad faith in this matter. She has complied, as best she could, with every order of the court. Her lack of knowledge of the rules of procedure and the intricacies of litigation and her concurrent frustration cannot, we contend, be construed as bad faith.

---

[1] The conduct of Chase may not require exhaustion through FIRREA but more discovery is needed.

**B.     UNDUE DELAY**

There has not been an inordinate amount of delay in this matter, all things considered. Plaintiff has been pro se for a good period of the time and has, frankly, felt abandoned by attorneys.

**C.     PREJUDICE TO THE OPPOSING PARTY**

The opposing party here is the FDIC (and perhaps others) who have been on constructive notice of these proceedings from the outset. Defending itself in a claims procedure is their statutory obligation so it is unlikely that it would be prejudiced

**D.     FUTILITY**

The claim statute, FIRREA, will determine the nature of a future cause of action in this court. We concede that plaintiff should have filed a claim under FIRREA. Plaintiff contends, however, that the FDIC never provided her with the required notice. After the claim is adjudicated at the administrative level, plaintiff will have a clearer picture of the cause(s) of action which would be appropriate here.

Plaintiff has also filed a motion to stay these proceeding to allow her to file the appropriate FIRREA claim.

Based on the foregoing, we implore this Court to exercise its discretion and grant plaintiff leave to amend her complaint once the administrative claim has been adjudicated.

Respectfully Submitted,

Dated: March 25, 2013            By: _____

Hal E Wright
Attorney for Plaintiff, Dana Y. Coward