UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA Y. COWARD, | No. 2:11-cv-03378-GEB-AC |
|         Plaintiff, | |
|   v. | **ORDER** |
| J.P. MORGAN CHASE, | |
|         Defendant. | |

On February 19, 2013, the magistrate judge filed findings and recommendations ("F&R's") concerning Defendant's pending dismissal motion (ECF No. 51), in which she recommends the motion be granted and the action be dismissed without leave to amend. (See F&R's 11:21-23, ECF No. 66.) While the F&R's were pending, Plaintiff requested an extension of time to file objections to the F&R's and stated in that filing that she had discontinued proceeding in propria persona and was represented by counsel. (Pl.'s Mot. to Extend Time, ECF No. 68.) Therefore, the reference to the magistrate judge pursuant to a local rule because of Plaintiff's pro se status was withdrawn. Further, Plaintiff was granted an extension to file any objections to the F&R's. (Minute Order, ECF No. 70.)

Plaintiff did not file objections to the F&R's. However, she moves to amend her complaint and to stay the

1

proceedings. Defendant opposes Plaintiff's motions.

### A. Findings & Recommendations

The F&R's are adopted except for the recommendation that the action be dismissed with prejudice. Therefore, Defendant's dismissal motion filed October 19, 2012, is GRANTED. However, Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a Fourth Amended Complaint addressing the deficiencies raised in the F&R's. Plaintiff is notified that failure to file an amended complaint within the prescribed time period could result in dismissal of this action with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b).

### B. Motion to Amend

Plaintiff seeks in her motion to amend her complaint, which she filed under Rule 15, an order granting her broader leave to amend her complaint than what she has been given above. Specifically, Plaintiff argues "that the amendment [she seeks] will assert a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading." (Pl.'s Mot. to Amend 1:23-25, ECF No. 76.) Plaintiff also indicates that she "is seeking to change or add a party." (Id. at 1:25.) However, Plaintiff neither provides information concerning the specific amendments sought nor attaches a proposed amended complaint to her motion as required by Local Rule 137(c). See Lanier v. Fresno Unified Sch. Dist., No. 1:09-cv-01779-AWI-BAM, 2013 WL 3892953, at *1 (July 25, 2013) (citing Waters v. Weyerhaeuser Mortg. Co., 582 F.2d 503, 507 (9th Cir. 1978)) ("The Court has discretion to deny a motion to amend

for the failure to attach a proposed pleading as required by the local rule."); see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011) (affirming district court's denial of "leave to amend where the party seeking leave failed to attach a proposed amended complaint in violation of local rules").

Further, Plaintiff failed to move under Federal Rule of Civil Procedure 16 for amendment of the applicable provision of the status (pretrial scheduling) order, which is a prerequisite to consideration of a motion to amend under Rule 15. "Once the district court [files] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Thus, [Plaintiff's] ability to amend h[er] complaint [is] governed [first] by Rule 16(b), not Rule 15(a)." Johnson, 975 F.2d at 608.

For the stated reasons, Plaintiff's motion to amend is DENIED.

**C.   Motion to Stay**

Plaintiff also moves "this Court to exercise its discretion and stay these proceedings pending the outcome of the [Financial Institutions Reform, Recovery, and Enforcement Act of 1999 ("FIRREA")] claim Plaintiff intends to file." (Pl.'s Mot. to Stay 2:17-18, ECF No. 75.)

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co.,

1  299 U.S. 248, 254 (1936)." Lockyer v. Mirant Corp., 398 F.3d
2  1098, 1109 (9th Cir. 2005). "In determining whether a stay is
3  appropriate, the Court is to consider 'the possible damage which
4  may result from the granting of a stay, the hardship or inequity
5  which a party may suffer in being required to go forward, and the
6  orderly course of justice measured in terms of the simplifying or
7  complicating of issues, proof, and questions of law which could
8  be expected to result from a stay.'" Nw. Coalition for Alts. to
9  Pesticides v. U.S. Envtl. Prot. Agency, No. C10-1919Z, 2012 WL
10 2343279, at *3 (W.D. Wash. June 20, 2012) (quoting Landis, 299
11 U.S. at 254).

12       As the moving party, Plaintiff "bears the burden of
13 proving that a stay is warranted." Id. (citing Clinton v. Jones,
14 520 U.S. 681, 708 (1997)). However, Plaintiff does not address in
15 her motion the referenced factors the court is to consider when
16 deciding whether a stay is necessary. Therefore, Plaintiff's
17 motion to stay is DENIED.

18       Dated: September 17, 2013

    _____
    GARLAND E. BURRELL, JR.
    Senior United States District Judge

4