UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA Y. COWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.P. MORGAN CHASE,<br><br>　　　　Defendant. | No.  2:11-cv-03378-GEB-AC<br><br>**JUDICIAL COMMUNICATION TO THE CALIFORNIA STATE BAR CONCERNING ATTORNEY HAL WRIGHT (CALIFORNIA STATE BAR NO. 157814)** |

　　　　The Clerk of the Court shall serve a copy of this judicial communication, along with Docket Nos. 80-83, on the Office of the Chief Trial Counsel/Intake, The State Bar of California, 1149 South Hill Street, Los Angeles, CA 90015-2299, concerning the following conduct of attorney Hal Wright (California State Bar No. 157814). This communication shall also be served on Hal Wright at the following address: 216 F. Street, Suite 116, Davis, CA 95616.

　　　　On October 4, 2013, Plaintiff Dana Coward filed a writing, *in pro per,* in which she requested "a continuance to file an amended complaint (4th) . . . due to [her] attorney [of] record [being] no longer able to practice law." (ECF No. 81.)

1

After receiving Ms. Coward's communication, the Court reviewed the California State Bar website on October 23, 2013, which then revealed that Plaintiff's attorney of record, Hal Wright, has been ineligible to practice in the United States District Court for the Eastern District of California since at least June 14, 2013.[1] See E.D. Cal. R. 180(a) ("Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California."). Yet Mr. Wright failed to "promptly notify the Court" of his "change in status" and the "disciplinary action" that "ma[de] [him] ineligible . . . to practice in this Court" as required by Local Rules 180(c) and 184(b), copies of which are enclosed with this communication.

Therefore, Mr. Wright was Ordered to Show Cause ("OSC") in a writing to be filed no later than November 1, 2013, why he should not be sanctioned five hundred dollars ($500.00) for failing to comply with Local Rules 180(c) and 184(b). (OSC, ECF No. 82.) Mr. Wright did not respond to the OSC. Therefore, Mr. Wright and/or the Law Office of Hal E. Wright were sanctioned five hundred dollars ($500.00). (Order Imposing Monetary Sanction, ECF No. 83.) Mr. Wright was ordered to pay the sanction no later than 4:00 p.m. on November 12, 2013, and to file proof of payment within five days of payment. (Id.) Mr. Wright has not paid the monetary sanction as ordered.

In light Mr. Wright's disregard of his obligation to comply with the aforementioned local rules and to pay the imposed

---

[1] The State Bar of California, http://members.calbar.ca.gov/fal/Member/Detail/157814 (last visited November 25, 2013).

2

sanction, I have decided to inform The State Bar of California of Mr. Wright's failures in this case, so that it may take any action it deems appropriate.

Dated:  November 25, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

## RULE 180 (Fed. R. Civ. P. 83)

## ATTORNEYS

**(a)     Admission to the Bar of this Court.**  Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California.

**(1)     Petition for Admission.**  Each applicant for admission shall present to the Clerk an affidavit petitioning for admission, stating both residence and office addresses, the courts in which the applicant has been admitted to practice, the respective dates of admissions to those courts, whether the applicant is active and in good standing in each, and whether the applicant has been or is being subjected to any disciplinary proceedings.  Forms will be furnished by the Clerk and shall be available on the Court's website.

**(2)     Proof of Bar Membership.**  The petition shall be accompanied by a certificate of standing from the State Bar of California or a printout from the State Bar of California website that provides that the applicant is an active member of the State Bar of California and shall include the State Bar number.

**(3)     Oath and Prescribed Fee.**  Upon qualification the applicant may be admitted, upon oral motion or without appearing, by signing the prescribed oath and paying the prescribed fee, together with any required assessment, which the Clerk shall place as directed by law with any excess credited to the Court's Nonappropriated Fund.

**(b)     Practice in this Court.**  Except as otherwise provided herein, only members of the Bar of this Court shall practice in this Court.

**(1)     Attorneys for the United States.**  An attorney who is not eligible for admission under (a), but who is a member in good standing of and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, may practice in this Court in any matter in which the attorney is employed or retained by the United States or its agencies. Attorneys so permitted to practice in this Court are subject to the jurisdiction of this Court with respect to their conduct to the same extent as members of the Bar of this Court.

**(2)     Attorneys Pro Hac Vice.**  An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or an Act of Congress, an

attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

    **(i)** **Application.** The pro hac vice application shall be electronically presented to the Clerk and shall state under penalty of perjury (i) the attorney's residence and office addresses, (ii) by what courts the attorney has been admitted to practice and the dates of admissions, (iii) a certificate of good standing from the court in the attorney's state of primary practice, (iv) that the attorney is not currently suspended or disbarred in any court, and (v) if the attorney has concurrently or within the year preceding the current application made any other pro hac vice applications to this Court, the title and number of each action in which such application was made, the date of each application, and whether each application was granted.

    **(ii)** **Designee.** The attorney shall also designate in the application a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding that attorney's conduct of the action and upon whom service shall be made.  The attorney shall submit with such application the name, address, telephone number, and consent of such designee.

    **(iii)** **Prescribed Fee.** The pro hac vice application shall also be accompanied by payment to the Clerk of any prescribed fee, together with any required assessment which the Clerk shall place as directed by law with any excess credited to the Court's Nonappropriated Fund.  If the pro hac vice application is denied, the Court may refund any or all of the fee or assessment paid by the attorney.

    **(iv)** **Subject to Jurisdiction.** If the application is granted, the attorney is subject to the jurisdiction of the Court with respect to conduct to the same extent as a member of the Bar of this Court.

  **(3)** **Certified Students.** See L.R. 181.

  **(4)** **Designated Officers, Agents or Employees.**

    (A) An officer, agent or employee of a federal agency or department may practice before the Magistrate Judges on criminal matters in this Court, whether or not that officer, agent, or employee is an attorney, if that officer, agent or employee:

      (i) has been assigned by the employing federal agency or department to appear as a prosecutor on its behalf;

      (ii) has received four or more hours training from the United States Attorney's Office in the preceding twenty-four (24) months;

      (iii) has filed a designation in accordance with (B); and

      (iv) is supervised by the United States Attorney's Office. Supervision by the United States Attorney's Office means that employees of that Office are available to answer questions of any such officer, agent, or employee.

    (B) Designations shall be filed on a form provided by the Clerk that shall include a verification that the officer, agent, or employee has satisfied the requirements of this Rule.  A designation is effective for twelve months.  The officer, agent, or employee shall file the designation either in Fresno, if the officer, agent, or employee anticipates appearing only before Magistrate Judges at locations in the counties specifically enumerated in L.R. 120(b), or in Sacramento in all other circumstances.  After filing the designation in any calendar year, the officer, agent, or employee shall not appear before any particular Magistrate Judge without providing a copy of the designation to that Magistrate Judge.

    (C) Officers, agents and employees so permitted to practice in this Court are subject to the jurisdiction of this Court with respect to their conduct to the same extent as members of the Bar of this Court.

  **(5)** **RIHC and RLSA Attorneys.** An attorney who is currently designated by the State Bar of California as Registered In-House Counsel (RIHC) or as a Registered Legal Services Attorney (RLSA) may petition the Court to practice by completing the petition for admission, supplying the proof of bar membership, and providing the oath and prescribed fee under (a).  Any attorney allowed to practice in the Eastern District of California under this section may only practice as long as the attorney is designated as an RIHC or RLSA by the State Bar of California.

 **(c)** **Notice of Change in Status.** An attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court under (b) shall promptly notify the Court of any change in status in any other jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court.  In the event an attorney appearing in this Court under (b) is no longer eligible to practice in any other jurisdiction by reason of suspension for nonpayment of fees or enrollment as an inactive member, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice in another jurisdiction.

 **(d)** **Penalty for Unauthorized Practice.** The Court may order any person who practices before it in violation of this Rule to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund.  Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court.

**(e)** **Standards of Professional Conduct.**  Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Code of Professional Responsibility of the American Bar Association may be considered guidance.  No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

**(f)** **Attorney Registration for Electronic Filing.**  All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear pro hac vice. They must also complete an e-filing registration as prescribed in L.R. 135.

# RULE 184 (Fed. R. Civ. P. 83)

## DISCIPLINARY PROCEEDINGS AGAINST ATTORNEYS

**(a)    Discipline.**  In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney.  In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

**(b)    Notice of Change in Status.**  An attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall promptly notify the Court of any disciplinary action or any change in status in any jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court.  If an attorney's status so changes with respect to eligibility, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice.  Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court.

**(c)    Penalty for Unauthorized Practice.**  The Court may order any person who practices before it in violation of this Rule to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund.  Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court.