UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA Y. COWARD,<br><br>  Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK,<br><br>  Defendant. | No.  2:11-cv-03378-GEB-AC<br><br><br><br>ORDER |

Pending before the court is plaintiff's December 10, 2013 motion for a court order. ECF No. 86. By this motion, plaintiff seeks to have the court take judicial notice of certain "facts," specifically the declaration of a private investigator, William Paatalo, and various exhibits attached to the declaration. These exhibits include (1) excerpts from various documents related to Washington Mutual's subprime lender, Long Beach Mortgage Corporation ("LBMC"); (2) the May 9, 2012 partial deposition transcript of Lawrence Nardi, purportedly the operations unit manager and a mortgage officer for defendant JPMorgan Chase Bank ("Chase"), concerning a state court action filed by Chase in Lake County, Florida; (3) an incomplete copy of an amended complaint filed in the United States District Court for the District of Columbia, <u>Deutsche Bank Nat'l Trust Co. v. FDIC, et al.</u>, 1:09-cv-1656 RMC; (4) two exhibits filed by Chase in support of its motion for relief from the automatic stay in plaintiff's bankruptcy action, 09-bk-47616, including the Deed of Trust for the subject property at issue in this case and a broker price

1

opinion; (5) the declaration of attorney Neil Garfield, submitted in a Central District of California bankruptcy action unrelated to the instant case, 1:11-bk-18306-vk; (6) an incomplete copy of the memorandum of points and authorities filed in support of defendant Chase's motion to dismiss and motion for partial summary judgment in the aforementioned case filed in United States District Court for the District of Columbia, Deutsche Bank Nat'l Trust Co. v. FDIC, et al., 1:09-cv-1656 RMC; (7) an Assignment of the Deed of Trust for the subject property at issue in this case; and, lastly, (8) a partial printout of the LinkedIn profile for Colleen Irby, Operations Manager at California Reconveyance Company.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

In her motion, plaintiff has not shown good cause for the court to take judicial notice of these documents. Plaintiff merely asks the court to take judicial notice of the documents, without further explanation. To the extent that plaintiff intends to submit the documents as evidence, plaintiff is reminded that the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question.

Regardless, the court notes that it has already taken judicial notice of the Deed of Trust concerning the subject property at issue in this case. See ECF No. 66 at 5-6. For the same reason that the Deed of Trust was judicially noticed, so the court will judicially notice the Assignment of the Deed of Trust.

1   As for documents filed in other court cases, the Court may take judicial notice that the
2   documents were filed and the date on which they were filed, but it may not take judicial notice of
3   any facts set forth in the documents themselves.  See M/V Am. Queen v. San Diego Marine
4   Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take
5   judicial notice of proceedings or records in another case so as to supply, without formal
6   introduction of evidence, facts essential to support a contention in a cause then before it.").  To
7   the extent the contents of these or any other documents are in dispute, the allegations contained
8   therein are not an appropriate subject for judicial notice.  Del Puerto Water Dist. v. U.S. Bureau
9   of Reclamation, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial notice is taken of the
10  existence and authenticity of the public and quasi-public documents listed.  To the extent their
11  contents are in dispute, such matters of controversy are not appropriate subjects for judicial
12  notice.").

13  None of the remaining materials fall into the limited category of documents that can be
14  judicially noticed under Rule 201.

15  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for judicial notice is
16  granted in part as set forth above.

17  DATED: February 26, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE