UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA Y. COWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK,<br><br>　　　　　Defendant. | No. 2:11-cv-03378-GEB-AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

On February 19, 2014, the court held a hearing on defendant JP Morgan Chase Bank's ("Chase") January 13, 2014 motion to dismiss (ECF No. 91). Dana Coward appeared in pro per. Michael Stusiak appeared for defendant Chase. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## RELEVANT FACTUAL BACKGROUND

Plaintiff makes factual allegations in support of claims of fraud in three instances: when the loan originated, when it was modified, and during foreclosure.

A. <u>Fraud in the Origination of the Loan</u>

In October 2005, plaintiff obtained a home loan from Long Beach Mortgage Company ("LBMC") secured by real property located at 4828 Voglesang Drive, Sacramento ("the Subject Property"). ECF No. Fourth Am. Compl. ("4AC") at 2-3. At the time of the loan's execution,

1

plaintiff's husband was unavailable to sign. Plaintiff accuses an LBMC representative of making intentional false representations and of telling plaintiff that her husband's signature and income verification were unnecessary to execute the agreement. Id. at 3-4. The Deed of Trust that was notarized and recorded in 2005 bears a signature for plaintiff's husband; plaintiff alleges that this signature was forged and fraudulently certified by the notary. See id. at 8, 9-11.

Soon after the execution of the loan, Washington Mutual Bank ("Washington Mutual") assumed ownership of LBMC. 4AC at 3. In 2007, plaintiff applied and was approved for a loan modification with Washington Mutual to avoid foreclosure, though the modified monthly payment amount was higher than plaintiff expected. Id. at 4-5.

B. Fraud During the Loan Modification Process

Between 2008 and 2009, plaintiff applied for a loan modification a total of 18 times, but each time her application was returned as denied. 4AC at 5. After applying under Home Affordable Modification Program ("HAMP") guidelines, plaintiff was finally approved for trial loan modification, though the modified monthly payment amount was again higher than expected. Id. at 6. Chase, which acquired Washington Mutual, ultimately denied plaintiff's application because Chase alleged that the subject property was not plaintiff's primary residence. Id. at 7.

C. Fraud in the Foreclosure

In December 2009, plaintiff and her husband filed for bankruptcy. 4AC at 10. After their bankruptcy action was dismissed, foreclosure proceedings commenced against the Subject Property on August 20, 2010. Id. Plaintiff claims defendant committed fraud in the foreclosure by "submitting false and missing foreclosure documents to the bankruptcy courts with missing exhibits, defective chain in title, assignment of mortgage documents after the foreclosure, and claiming successor in interest regarding an alleged loan that can't be located in any trust and appears to be sold in 2005-2006." Id. at 11.

RELEVEANT PROCEDURAL BACKGROUND

Plaintiff, acting pro se, first filed this action against defendant in the Sacramento County Superior Court in August 2011. Defendant timely removed to this court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

Plaintiff retained counsel and filed an amended complaint in January 2012, bringing claims for fraud in the inducement, rescission, breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, fraud and deceit and/or negligent misrepresentation, violation of the Servicemembers Civil Relief Act ("SCRA"), and violation of the Truth in Lending Act ("TILA"). ECF No. 13. Defendant filed a motion to dismiss the first amended complaint as plaintiff and her husband failed to disclose her legal claims as assets when they had filed for bankruptcy. ECF No. 15. The Honorable Garland E. Burrell, Jr. granted defendant's motion on the ground that since plaintiff's claims predated the bankruptcy petition, the claims were an asset of the bankruptcy estate and thus plaintiff lacked standing to assert her claims. ECF No. 22.

In her second amended complaint, filed in May 2012, plaintiff brought the same claims and defendant moved to dismiss for failure to cure the deficiencies noted in the first amended complaint. ECF No. 23 and 25. Judge Burrell dismissed all but plaintiff's fraud and SCRA claims. ECF No. 30.

In June 2012, plaintiff filed a third amended complaint on these two claims, but amended that pleading in August 2010 to proceed only as to the fraud in the origination claim. ECF Nos. 36, 41. In September 2012, plaintiff's counsel filed a motion to withdraw as attorney. ECF No. 43. This motion was granted by Judge Burrell and this matter was referred to the undersigned pursuant to Local Rule. ECF No. 47; E.D. Local Rule 302(c)(21).

In October 2012, defendant again moved for dismissal of plaintiff's fraud in the origination claim on the ground that plaintiff's allegation that Chase forged the signature of plaintiff's husband was disproved by official records of the transaction. ECF No. 51. On February 19, 2013, this court recommended dismissal of plaintiff's fraud claim on the ground that it involved conduct that pre-dated Chase's acquisition of plaintiff's loan. ECF No. 66. Plaintiff did not file an opposition to those recommendations. Rather, she filed a motion to amend her pleading and a motion to stay. ECF Nos. 75-76.

On September 17, 2013, Judge Burrell adopted this court's recommendation for dismissal of plaintiff's fraud claim. Judge Burrell specifically denied plaintiff's motion for leave to amend

1  to add new claims on the ground that plaintiff failed to either state the specific amendments she
2  sought to make or attach a proposed amended complaint to her motion as required by Local Rule
3  137(c).  ECF No. 79.  Additionally, Judge Burrell denied plaintiff an opportunity to amend as she
4  failed follow Federal Rule of Civil Procedure 16 for amendment of the applicable provision of the
5  status order, which is required for a consideration of a motion to amend under Rule 15.  Id.
6  Finally, Judge Burrell denied plaintiff's motion to stay and directed plaintiff to file a fourth
7  amended complaint only to address the deficiencies raised in the findings and recommendations.
8  Id.
9       On December 30, 2013, plaintiff filed the operative fourth amended complaint raising not
10  only a fraud claim arising from the origination of her loan, but also adding a fraud claim related to
11  her multiple applications for a loan modification with Chase and also related to Chase's eventual
12  foreclosure of the Subject Property.  Defendant now moves to dismiss this fourth amended
13  complaint.  Plaintiff opposes the motion.

14                                    LEGAL STANDARDS
15       A motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) tests the legal
16  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
17  1983).  A claim may be dismissed for "lack of a cognizable legal theory or the absence of
18  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
19  F. 2d 696, 699 (9th Cir. 1990).  To survive, the complaint must allege sufficient facts to
20  demonstrate a plausible claim for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
21  In determining a 12(b)(6) motion to dismiss, the court accepts the allegations in the complaint as
22  true, and it construes the allegations in the light most favorable to the plaintiff.  Hishon v. King &
23  Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
24  However, in fraud claims, Rule 9(b) requires a plaintiff to plead each element of fraud with
25  particularity.  See, e.g., In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547 (9th Cir.
26  1994) (superseded on other grounds).

27                                         DISCUSSION
28       Chase seeks dismissal of the 4AC for failure to cure the deficiencies identified by the

undersigned in recommending dismissal of the third amended complaint.  As for plaintiff's new claims concerning fraud originating from the loan modification denial and fraud originating from the foreclosure proceedings, Chase argues that these are new claims added in violation of Judge Burrell's order denying plaintiff leave to amend and therefore should be dismissed.

> A.  Fraud in the Origination of the Loan

As to defendant's first basis for dismissal, defendant claims that plaintiff's amended pleading alleges no new facts showing that Chase was involved in the origination of her loan. Instead, per Chase, plaintiff asserts "a wholly conclusory allegation that the notary executing the loan origination documents in 2005 was *at that time* Chase's agent."

Previously, on consideration of defendant's motion to dismiss plaintiff's third amended complaint, the undersigned found that on September 25, 2008, Chase entered into a Purchase and Assumption Agreement ("P&A Agreement") with the Federal Deposit Insurance Company ("FDIC") after the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as receiver. See ECF No. 66 at 2 n.2 (citing Def.'s Req. Judicial Notice, Ex. A, ECF No. 52).  The court found that it lacked subject matter jurisdiction over plaintiff's claim to the extent it was premised on conduct of Washington Mutual agents or representatives because she failed to comply with administrative claims process pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  This court further found that, based on the language of Section 2.5 of the P&A Agreement and abundant authority agreeing the Agreement released defendant from liability for Washington Mutual's pre-seizure conduct, Chase was released from any liability for claims of borrowers related to loans or lending commitments made by Washington Mutual before September 25, 2008.  See id. at 9.  This included plaintiff's attempts to hold defendant accountable for Washington Mutual's pre-seizure conduct surrounding plaintiff's loan.  Id.

In an attempt to bypass both of the court's previous findings, plaintiff now asserts that the notary public (Carol Ann Dickson), who fraudulently certified that plaintiff's husband signed the DOT, was in fact an agent of defendant.  Federal Rule of Civil Procedure 9(b) requires that, in a claim of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."

5

1  Fed. R. Civ. P. 9(b).  Plaintiff claims only that defendant had the notary public as its agent at the
2  time plaintiff signed the loan, and that this agent was meant to falsely certify the presence of Mr.
3  Coward's signature.  The Ninth Circuit has held that "to allege fraud with particularity, a plaintiff
4  must set forth *more* than the neutral facts necessary to identify the transaction."  In re GlenFed,
5  Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded on other grounds).
6  Plaintiff's assertions fall short of this requirement as she does not explain how the notary can be
7  deemed an agent of Chase years before Chase had any involvement with plaintiff's loan.  "[T]he
8  absence of any times, dates, places or other details of that alleged fraudulent involvement is
9  contrary to the fundamental purposes of rule 9(b)."  Semegen v. Weidner, 780 F.2d 727, 731 (9th
10  Cir. 1985).  Without more factual allegations tying defendant to the 2005 loan signing, plaintiff's
11  claim similarly fails.

12  Furthermore, plaintiff's own language in the 4AC undercuts the allegation that defendant
13  employed an agent to assist in the forgery of the 2005 DOT.  In this pleading, plaintiff identifies
14  Ms. Dickson both as an employee of LBMC and as a notary public employed by defendant.
15  Compare 4AC at 9 ¶ 41 with 10 ¶45.  She asserts that it was LBMC who initiated the fraud, that
16  Washington Mutual perpetuated it by failing to inform plaintiff, and finally that Chase "became
17  duty bound to investigate the perpetrator of the forgery" when it succeeded Washington Mutual.
18  Id. at 9-10.  It appears that plaintiff is again forwarding a theory of ratification that was rejected
19  the last time it was proffered, because it is based on the conduct of a Washington Mutual agent or
20  representative.  This theory also undermines plaintiff's argument that Ms. Dickson was an agent
21  of Chase in the first instance.  See ECF No. 66 at 10-11.

22  Plaintiff next argues again that the 30-page P&A Agreement in fact does impose liability
23  on Chase for the actions of its predecessors, relying exclusively on an outlier case from a state
24  court, Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 891 (2013).  Plaintiff contends
25  that Jolley determined the existence of a longer, 118-page P&A Agreement that holds Chase
26  liable for Washington Mutual's conduct.  ECF No. 92 at 9.  In fact, Jolley determined that the
27  witness testimony of one individual regarding a longer P&A Agreement was sufficient to raise a
28  genuine issue of material fact and thus reverse the summary judgment finding of the trial court.

Jolley, 213 Cal. App. 4th at 891.  Jolley held that, since the plaintiff alleged and put forth testimony that a longer P&A Agreement existed, "the [lower court] resolved a disputed issue of fact by resting its decision on the terms of the shorter agreement . . . the court did not view the evidence favorably to [the plaintiff]."  Id.  Contrary to plaintiff's assertion, Jolley did not judicially notice the alleged 118-page P&A Agreement.  Moreover, this case does not constitute binding authority and is contrary to all persuasive authority.  See e.g., McCann v. Quality Loan Serv. Corp., 729 F. Supp. 2d 1238, 1241-42 (W.D. Wash. 2010) (citing Danilyuk v. JP Morgan Chase Bank, N.A., 2010 WL 2679843 (W.D. Wash. July 2, 2010); Federici v. Monroy, 2010 WL 1345276 (N.D. Cal. Apr. 6, 2010); Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 414-15 (N.D. Cal. 2009).

None of plaintiff's claims in the 4AC or arguments in her opposition to the instant motion alters this court's analysis that the P&A Agreement relieves Chase of liability stemming from the actions of its predecessor, Washington Mutual, or that this court lacks jurisdiction over this claim in the first place due to plaintiff's failure to abide by the administrative claims process pursuant to FIRREA.  Therefore, this claim must be dismissed with prejudice.

B.  New Claims

As to defendant's assertion that plaintiff attempts to illegitimately add new claims, defendant is correct that plaintiff was denied the opportunity to amend by Judge Burrell.  ECF No. 79 at 3.  Because plaintiff has exceeded the scope of Judge Burrell's order directing her to file an amended pleading curing the deficiencies noted in the undersigned's February 19, 2013 findings and recommendations, which addressed only plaintiff's claim concerning fraud in the origination of the loan, plaintiff's remaining fraud claims must be disregarded.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE